**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200262-U

Order filed May 27, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0262 Circuit No. 19-CF-210 |
| MICHAEL D. MOORE, | ) ) ) | Honorable Albert L. Purham Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court.
Justices Hauptman and Lytton concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   Defendant made a knowing and voluntary waiver of his right to counsel.

¶ 2    Defendant, Michael D. Moore, appeals his conviction for aggravated domestic battery. Defendant argues that his conviction should be vacated because the Peoria County circuit court failed to provide Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) admonitions before he waived his right to counsel. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4 On April 15, 2019, the State charged defendant with aggravated domestic battery (720 ILCS 5/12-3.3(a) (West 2018)). At defendant's first court appearance, the court explained to defendant:

> "And here are your options: Would you like for me to appoint you a lawyer from the Public Defender's Office, or you'll be hiring a lawyer, or you don't want a lawyer?
>
> * * *
>
> Okay, [defendant], the charge reads as follows:
>
> It's claimed that on or about April 14, 2019, in Peoria County, Illinois, [defendant] committed the offense of aggravated domestic battery, a Class 2 Felony, in that he in committing a battery to Ebony Butler, a family or household member of the defendant, knowingly caused great bodily harm or permanent disability or disfigurement to *** Butler by striking *** Butler with his foot.
>
> So, [defendant], do you understand the charge?
>
> [DEFENDANT]: I understand the charge."

¶ 5 On May 1, 2019, at arraignment, the court told defendant:

> "I'm handing you a copy of the charging document. It's a one-count charging document. And I need to know what you want to do for a lawyer. Here are your options: asking me to appoint a lawyer from the public defender's office, or you'll be hiring one, or you don't want one."

At which point, defendant stated that he wanted the public defender's office to represent him. The court appointed the public defender to represent defendant.

¶ 6    On September 26, 2019, the court addressed defendant's "Motion to Dismiss Ineffective Counsel." The court allowed defendant's counsel to withdraw and appointed a different public defender to represent defendant. The court again explained to defendant:

> "In your Prayer for Relief, you pray that this Court removes [the public defender] and appoint you a new counsel, preferably one not employed with the Peoria Illinois Public Defender's Office, and/or dismissing the case. Okay.
>
> I'm not going to dismiss the case. I'm removing [the public defender]. I'm replacing him with another public defender. You always have the option of hiring a lawyer. Did you want to do that?
>
> THE DEFENDANT: I'm incapable of doing that right now.
>
> THE COURT: Your options are hiring a lawyer, I appoint a different public defender, or you represent yourself. The People who I can appoint are with the Peoria County Public Defender's Office. That's the way it is. Do you still want me to appoint you a public defender?
>
> THE DEFENDANT: Yes, sir."

¶ 7    After the court appointed an attorney to represent defendant for a second time, defendant continued to file motions as a self-represented litigant. His counsel also filed several motions. Before trial, defendant told the court he wanted to withdraw counsel's motions and proceed to trial sooner. Defense counsel objected to the withdrawal of her motions and to defendant filing his own motions, arguing that defendant could not both be represented by counsel and represent himself at the same time. Defendant stated at several court dates that he would rather proceed on his own rather than with counsel if it meant he could proceed to trial without more delays.

¶ 8     The court scheduled another status hearing the next day to give defendant time to consider his decision. At the status hearing, the court advised defendant that due to his prior offenses he was eligible for Class X sentencing and if found guilty he faced a potential sentencing range of 6 to 30 years' imprisonment. The court also explained the pending motions and that it could not assist him if he had any issues at trial. Defendant stated that he understood and still wanted to proceed without counsel and to withdraw all pending motions if it meant he could go to trial the next week. The court allowed counsel to withdraw, and defendant proceeded to trial as a self-represented litigant.

¶ 9     The matter proceeded to trial on June 8, 2020. The jury found defendant guilty. Defendant filed a motion for a new trial, arguing that the evidence against him was insufficient, and that he was forced to proceed to trial without the benefit of counsel because the public defender's office was "in bed" with the State and deliberately helping in his prosecution. After arguments, the court denied defendant's motion.

¶ 10     At sentencing, the court found defendant was eligible for Class X sentencing based on his prior convictions and sentenced him to nine years' imprisonment. Defendant appeals.

¶ 11                                                    II. ANALYSIS

¶ 12     Defendant contends that he is entitled to a new trial because the circuit court failed to comply with the admonishment requirements of Rule 401(a) when it accepted his waiver of counsel.

¶ 13     Initially, we note that defendant has forfeited review of this issue, as he did not object to the alleged improper admonishment at the times that he waived his right to counsel and did not raise this issue in a posttrial motion. See *People v. Johnson*, 238 Ill. 2d 478, 484 (2010). However, defendant argues that his forfeiture does not bar our review as the admonishment issue is reversible

under the second prong of the plain error doctrine. See *People v. Jones*, 2016 IL 119391, ¶ 10. The plain error doctrine allows us to review a forfeited Rule 401(a) compliance issue, as failure to comply with the rule would constitute an error that is "so serious that it affected the fairness of the defendant's trial and the integrity of the judicial process, regardless of the closeness of the evidence." *Id.* The first step of the plain error doctrine is to determine whether a clear or obvious error occurred. *Id.*

¶ 14        Rule 401(a) provides:

> "[t]he court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
>
> (1) the nature of the charge;
>
> (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and
>
> (3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." Ill. S. Ct. R. 401(a) (eff. July 1, 1984).

Strict compliance with the rule is not required "if the record indicates that the waiver was made knowingly and voluntarily, and the admonishment the defendant received did not prejudice his rights." *People v. Haynes*, 174 Ill. 2d 204, 236 (1996). A court's failure to provide Rule 401(a) admonishments immediately before a defendant's waiver of his right to counsel does not render the defendant's waiver invalid. *Id.* at 242. Substantial compliance may be accepted if it does not prejudice defendant, "either because the defendant already knows of the omitted information or because the defendant's degree of legal sophistication makes evident his or her awareness of the

5

omitted information." *People v. Moore*, 2014 IL App (1st) 112592, ¶ 38. Additionally, admonitions given to a defendant within a reasonable time prior to his waiver of counsel may be sufficient. *People v. Ray*, 130 Ill. App. 3d 362, 365 (1984). We review the circuit court's compliance with Rule 401(a) *de novo*. *People v. Washington*, 2016 IL App (1st) 131198, ¶ 50.

¶ 15    Here, at the hearing where the court accepted defendant's waiver, it properly admonished defendant regarding the minimum and maximum sentencing range he could receive if found guilty. However, the court failed to address the first and last elements required under Rule 401(a), that the court determined defendant understood the nature of the charge and informed him that he has a right to counsel even if he cannot afford to hire one himself. See Ill. S. Ct. R. 401(a)(1), (a)(3) (eff. July 1, 1984). Therefore, we find that the court did not strictly comply with Rule 401(a).

¶ 16    However, the record establishes that the court substantially complied with Rule 401(a). On April 19 and May 1, 2019, the court informed defendant of the charge and defendant's right to counsel. Additionally, on April 15, 2019, defendant acknowledged that he understood the charge and chose to be represented by the public defender's office. He later filed his own motion requesting his counsel be dismissed. The court granted the motion and appointed a different public defender to represent defendant. It was after the appointment of defendant's second public defender when defendant requested to proceed without an attorney. While the court did not admonish defendant in strict compliance with Rule 401(a); the court's earlier admonitions, considered in light of defendant's prior history and knowledge of courtroom procedure, constituted substantial compliance with Rule 401(a).

¶ 17    Additionally, the record establishes that defendant exercised his right to the appointment of counsel twice during pretrial proceedings. This shows that defendant was well aware of and willing to assert his right to counsel. Moreover, at defendant's May 1, 2019, court appearance, the

6

court read the charge against defendant, and when defendant stated he wanted to waive counsel, the court further explained to him that because of his prior offenses he would be facing Class X sentencing if found guilty. Defendant clearly stated that he understood the nature of the charge and minimum and maximum sentence. Defendant still chose to waive his right to counsel and proceed to trial without counsel.

¶ 18        On this record, we cannot say that defendant's waiver was made unknowingly or unintelligently simply because the circuit court provided a partial Rule 401(a) admonishment before defendant proceeded as a self-represented litigant. Therefore, the court did not commit plain error.

¶ 19                              III. CONCLUSION

¶ 20        The judgment of the circuit court of Peoria County is affirmed.

¶ 21        Affirmed.