NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 200587-U

NO. 4-20-0587

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 4, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Coles County |
| DEMETRIS WATTS, | ) | No. 20CF46 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | James R. Glenn, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Harris and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:  (1) The trial court failed to substantially comply with the requirements of Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) before finding defendant waived his right to be represented by counsel and (2) the evidence was sufficient to support defendant's conviction and the doctrine of double jeopardy will not bar a retrial.

¶ 2    Defendant, Demetris Watts, was convicted of burglary of a place of worship (720 ILCS 5/19-1(a) (West 2018)) after a bench trial and sentenced to 30 months' probation and ordered to make restitution. Defendant appeals his conviction arguing (1) the evidence was insufficient to sustain his conviction and (2) the trial court erred in failing to comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) before accepting his waiver of counsel allowing him to represent himself. We agree with defendant's second argument, vacate his conviction, and remand for a new trial.

¶ 3                      I. BACKGROUND

¶ 4        On January 23, 2020, the State charged defendant by information with burglary of a place of worship (720 ILCS 5/19-1(a) (West 2018)), alleging defendant, without authority, knowingly entered Free Methodist Church in Mattoon, Illinois, with the intent to commit theft.

¶ 5        On the same day, the trial court held a bond hearing for defendant. A public defender was appointed for the purposes of the hearing. The State listed defendant's current charge and criminal history. After setting bond, the court asked hearing counsel if defendant was requesting the appointment of counsel. Defendant responded, "No, I want to represent myself, sir."

¶ 6        The court began to question defendant on his education and background, to which defendant demonstrated impatience. The court advised defendant a person "unfamiliar with legal procedures" may give the prosecution an advantage by failing to make objections to inadmissible evidence, may not make effective use of *voir dire* of jurors, and may make tactical decisions producing unintended consequences. The court told defendant if he represented himself, he would not be able to raise the issue of his representation on direct appeal and his defense might be diminished by his dual role as attorney and client. He was told he would not receive any special consideration from the court and would not get extra time to prepare or greater library time in jail. At this juncture, the following colloquy occurred:

> "THE COURT: I realize you were talking while I was reading some of these but do you understand those—
>
> DEFENDANT WATTS: I already understand. I represented myself in trial in Douglas County. I won my appeal. I represented myself. Filed my own appeal and won my appeal.
>
> THE COURT: That's very good, sir.

DEFENDANT WATTS: Thank you. So I understand all that s*** you're talking about.

THE COURT: So what did you just say? Could you repeat what you just said or do you wish to retract anything that you just said?

DEFENDANT WATTS: Pardon? I understand. I understand what you're saying.

THE COURT: Did you utter profanity in my courtroom?

DEFENDANT WATTS: I understand what you're saying.

THE COURT: I believe that I heard a profanity in the courtroom and I want to know if you have anything to say about that.

DEFENDANT WATTS: I understand what you said, Your Honor.

THE COURT: Do you understand that perhaps an apology will keep you from a contempt sanction; do you understand that, sir?

DEFENDANT WATTS: I apologize, Your Honor.

THE COURT: Okay. I will accept your apology. I'm not sure that that is heartfelt, but do not use that language in my courtroom, please. Do you understand that? Do you understand that, sir?

DEFENDANT WATTS: Yep.

THE COURT: I'm sorry. It's not acceptable. I am going to sanction the defendant with an eight-day jail sanction. Day-for-day time applies effective today. And you are choosing to represent yourself; is that correct, Mr. Watts?

DEFENDANT WATTS: Yes, I am. Yes.

THE COURT: All right. We will set the matter for a preliminary hearing."

Defendant was not given the admonishments required by Rule 401(a): the nature of the charge, the minimum and maximum sentence prescribed by law, and that he has the right to counsel and free, appointed counsel if he is indigent.

¶ 7         Defendant continued to represent himself, including in waiving his right to a jury trial.

¶ 8         At a July 21, 2020, bench trial, the State's witnesses testified as to the burglary at Free Methodist Church on January 22, 2020. Computers and audio/visual equipment were taken from the church. Police discovered a broken basement window. With the assistance of the pastor, the police used a tracking application on the pastor's cell phone to locate the missing electronics in a nearby apartment building where defendant resided. The pastor noted defendant had inquired as to church security and insurance prior to the burglary. After police obtained a warrant, they located all of the missing equipment inside defendant's apartment, as well as a pair of wire cutters consistent with the cut wires at the church. Surveillance footage showed an unknown person moving equipment from the church in the direction of defendant's apartment. Defendant's neighbor testified defendant informed her of the burglary and asked if the church could track the missing equipment.

¶ 9         The court found defendant guilty of burglary of a place of worship. Defendant was sentenced to 30 months' probation and ordered to make restitution of $4426.85.

¶ 10        This appeal followed.

¶ 11                                II. ANALYSIS

¶ 12        On appeal defendant argues (1) the evidence was insufficient to convict him of burglary and (2) the trial court failed to comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984). We begin by reviewing defendant's Rule 401(a) argument.

¶ 13 Rule 401(a) provides, in part:

"The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." Ill. S. Ct. R. 401(a) (eff. July 1, 1984).

"The purpose of Rule 401(a) is to ensure that a waiver of counsel is knowingly and intelligently made." *People v. Haynes*, 174 Ill. 2d 204, 241, 673 N.E.2d 318, 335 (1996). An effective waiver of counsel requires substantial compliance with the rule. *Id.* at 236. Whether the trial court failed to substantially comply with Rule 401(a) admonishments is a question of law we review *de novo*. *People v. Pike*, 2016 IL App (1st) 122626, ¶ 114, 53 N.E.3d 147.

¶ 14 In this case, the trial court failed to admonish defendant as to any of the required admonishments in Rule 401(a). The only mention of the nature of the charge against defendant at the bond hearing on January 23, 2020, was by the State. At no time did any party, much less the court, address the potential sentencing before accepting defendant's waiver of counsel. Although the court advised defendant of the pitfalls of self-representation, it did not inform defendant of his right to counsel. By not addressing any of the requirements of Rule 401(a), the court failed to comply with Rule 401(a) and defendant's waiver of counsel is invalid. The remedy is to remand

the case for a new trial with directions to fully comply with Rule 401(a). *People v. Langley*, 226 Ill. App. 3d 742, 753, 589 N.E.2d 824, 832 (1992).

¶ 15 The State argues, however, defendant has forfeited this issue by failing to raise it in the trial court either at the time of trial or in a posttrial motion. Defendant acknowledges the issue was not raised in the trial court but contends it was plain error and is not forfeited. We agree. See *People v. Herring*, 327 Ill. App. 3d 259, 261-62, 762 N.E.2d 1186, 1188 (2002) (holding right to counsel is so fundamental, a claim of no effective waiver of counsel will be reviewed as plain error).

¶ 16 The State contends if the issue is not forfeited, the trial court substantially complied with Rule 401(a) and defendant's waiver of counsel was knowingly and voluntarily made. The State points to defendant's interruptions of the trial court and insistence he understood as proof defendant was "entirely aware" of the rights he was giving up. Defendant was not the extremely rare case of a defendant who "exhibited a high degree of legal sophistication." See *People v. Eastland*, 257 Ill. App. 3d 394, 399, 628 N.E.2d 1006, 1011 (1993). Defendant, per his own account, had successfully represented himself in a prior criminal case. However, we see no reason defendant would be fully appraised of the nature of the charge against him—a charge he had never specifically faced—or the potential sentence he could receive merely by his impatience with court proceedings. See *People v. Martin*, 2021 IL App (4th) 180267, ¶¶ 35, 38, 183 N.E.3d 1053 (remanding for a new sentencing hearing where the trial court failed to admonish the defendant as to the nature of the charges or the minimum and maximum penalties when the defendant sought to represent himself in posttrial proceedings).

¶ 17 When a defendant requests the right to represent himself, it is incumbent on the trial court to substantially comply with Rule 401(a). Because it failed to do so, we are unable to

conclude defendant provided a knowing and voluntary waiver of counsel. This omission requires remand for a new trial, either with the assistance of counsel or, after fully complying with Rule 401(a), without the assistance of counsel.

¶ 18        Defendant challenges the sufficiency of the evidence, and we will review the sufficiency of the evidence to determine whether it sufficed for double jeopardy purposes. See *People v. Macon*, 396 Ill. App. 3d 451, 458, 920 N.E.2d 1224, 1230 (2009) (holding "where a conviction has been set aside because of an error in the proceedings leading to the conviction," the State may retry the defendant; thus, the appellate court must review the sufficiency of the evidence to "prevent the risk of exposing [the] defendant to double jeopardy"). Upon careful review of the record in the light most favorable to the State, we conclude the evidence is sufficient to support the jury's verdict beyond a reasonable doubt.

¶ 19        In this case, defendant was found guilty of burglary. Section 19-1 of the Criminal Code of 2012 (720 ILCS 5/19-1 (West 2018)) provides, in part, as follows: "A person commits burglary when without authority he or she knowingly enters or without authority remains within a building *** with intent to commit therein a felony or theft." Defendant does not deny a burglary occurred, nor does he deny the property stolen in the burglary was located in his apartment, but rather argues possession of stolen property is insufficient to support an inference of guilt of burglary, citing *People v. Housby*, 84 Ill. 2d 415, 420 N.E.2d 151 (1981).

¶ 20        In *Housby*, the supreme court articulated a three-part test to be utilized in determining whether a defendant's exclusive and unexplained possession of recently stolen property will permit an inference that the defendant committed a burglary. *Id.* at 424. The test requires (1) a rational connection between defendant's possession of stolen property and his participation in the burglary, (2) a showing defendant's guilt of burglary is more likely than not

to flow from his unexplained possession of burglary proceeds, and (3) evidence corroborating the defendant's guilt. *Id.* at 424. The inference a defendant participated in a burglary rises with the proximity in time and place to defendant's discovered possession of the stolen items. *People v. Caban*, 251 Ill. App. 3d 1030, 1034, 623 N.E.2d 1025, 1028 (1993).

¶ 21 In this case, prior to the burglary, defendant inquired about the security system of the church and whether the church was insured. Surveillance video showed a person consistent with defendant's size and build moving items from the church in the direction of defendant's apartment next to the church. All of the stolen items were located in defendant's apartment soon after the burglary. Although defendant points out the large size of the apartment, only defendant appeared to live in the apartment. Defendant expressed concern to a neighbor the items stolen from the church could be tracked. Viewing the evidence in the light most favorable to the State, we find a reasonable trier of fact could find defendant guilty of burglary beyond a reasonable doubt.

¶ 22 III. CONCLUSION

¶ 23 For the reasons stated, we vacate defendant's conviction and remand the case with directions to give defendant a new trial.

¶ 24 Vacated and remanded with directions.