NOTICE

Decision filed 07/03/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 220644-U

NO. 5-22-0644

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Coles County. |
| | ) | |
| v. | ) | No. 21-CF-569 |
| | ) | |
| DEMETRIS WATTS SR., | ) | Honorable |
| | ) | Mitchell K. Shick, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Presiding Justice Vaughan and Justice McHaney concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm the defendant's conviction for unlawful possession of a stolen vehicle where the defendant forfeited any claim of error regarding the trial court's compliance with Supreme Court Rule 401(a) (eff. July 1, 1984), vacate the defendant's sentence due to the reversal of a prior felony conviction that was a sentencing consideration, and remand for resentencing.

¶ 2   On May 12, 2022, following a jury trial, the defendant, Demetris Watts Sr., was convicted of unlawful possession of a stolen vehicle in violation of section 4-103(a)(1) of the Illinois Vehicle Code (625 ILCS 5/4-103(a)(1) (West 2020)). The defendant was sentenced on September 16, 2022, to an extended term of 14 years' incarceration in the Illinois Department of Corrections (IDOC). On appeal, the defendant argues (1) that his conviction should be reversed and the cause remanded for a new trial, because the trial court failed to admonish the defendant as required by Illinois Supreme Court Rule 401(a) (eff. July 1, 1984), prior to allowing him to waive appointed

1

counsel; and (2) that his sentence should be reduced because the trial court determined that the defendant was eligible for an extended-term sentence based on a prior burglary conviction that has since been reversed. For the following reasons, we affirm the defendant's conviction, vacate the defendant's sentence, and remand the matter to the trial court for resentencing.

¶ 3                                    I. BACKGROUND

¶ 4      On November 19, 2021, the defendant was charged by information with one count of unlawful possession of a stolen motor vehicle in violation of section 4-103(a)(1) of the Illinois Vehicle Code (625 ILCS 5/4-103(a)(1) (West 2020)). The information further stated that the sentence in this matter was mandatory consecutive to the sentence in People v. Watts, No. 21-CF-451 (Cir. Ct. Coles County), and that the defendant was extended-term eligible based on *People v. Watts*, No. 20-CF-46 (Cir. Ct. Coles County, October 23, 2020).

¶ 5      On December 6, 2021, the defendant appeared with court-appointed counsel for a preliminary hearing. After the trial court called the case, the following colloquy occurred:

> "THE DEFENDANT: Your Honor, Your Honor, I would like to go—I would like to go *pro se*—
>
> THE COURT: [Defendant]—
>
> THE DEFENDANT: —because she did not come see me.
>
> THE COURT: All right. [Defendant], you are entitled to an attorney. I have gone over this with you.
>
> THE DEFENDANT: Right, but she did not come see me before.
>
> THE COURT: Now you have to stop talking or I'm going to make you come back on a different day. We have a courtroom full of people and a lot of cases. You listen to me.

I have already admonished you of your constitutional right to represent yourself. You're familiar with that, sir?

THE DEFENDANT: I just want to represent myself.

THE COURT: Okay. You understand your right to have an attorney represent you?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if you can—if you prove that [defense counsel] has not adequately represented you, I would appoint a different public defender to represent you?

THE DEFENDANT: I just want to represent myself.

THE COURT: Okay. You have considered all of that and you still wish to represent yourself?

THE DEFENDANT: Yes.

THE COURT: We have gone down this road before with [different defense counsel] in either this case or the other case. Are you sure, sir? I don't recommend you do this.

THE DEFENDANT: Yes.

THE COURT: Do you understand right now we have a hearing set for December 22 on the petition to revoke your probation [defense counsel] represents you on? You have a right to an attorney in that case. You're not wanting to be represented in this case or is it all the cases?

THE DEFENDANT: I am used to representing myself, Your Honor.

THE COURT: The question is are you asking that I vacate her appointment in all of your cases?

3

THE DEFENDANT: Yes.

THE COURT: And are you wanting to represent yourself in each and every one of those cases?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You are waiving your right to an attorney, sir?

THE DEFENDANT: Yes.

THE COURT: Are you doing so of your own free will?

THE DEFENDANT: Yes.

THE COURT: Do you understand that it comes at some peril to you to not have an attorney represent you in these complicated criminal cases?

THE DEFENDANT: (Nods.)

THE COURT: Despite that, sir, you wish to waive your right to representation?

THE DEFENDANT: Yes, sir.

THE COURT: All right. I will vacate [defense counsel's] appointment and we'll proceed to preliminary hearing in this case ***."

¶ 6    The trial court vacated the appointment order of the defendant's court-appointed counsel and the matter proceeded to the preliminary hearing with testimony presented by Mattoon police officer Eric Haughee. The defendant actively participated in the hearing and questioned Officer Haughee on cross-examination. At the close of the testimony, the trial court found that probable cause existed to detain the defendant for trial. The trial court then read the charged offense to the defendant, explained that the offense was a Class 2 felony for which the defendant was extended-term eligible, and informed the defendant of the range of penalties, including a sentence from 3 to 14 years' imprisonment. The trial court then attempted to discuss the importance of the defendant

4

having an attorney represent him in this case, as well as his other pending cases, and the following colloquy took place:

"THE COURT: *** That's the range of penalties. Because of that range and because of the serious nature of this offense, [Defendant], I want to talk to you once more. You understand that you asked certain questions that were objected to; I sustained the objection because—

THE DEFENDANT: The man wouldn't even answer the question asked, man.

THE COURT: Do you understand that I sustained the objection? I know that you have been—

THE DEFENDANT: Man—

THE COURT: —in court a lot—

THE DEFENDANT: Whatever, man. I am going to file a motion; I am going to—

THE COURT: You do have the right—

THE DEFENDANT: —win all this in the appellate court. I ain't going to try and deal with you, chump.

THE COURT: You don't want to hear what I want to say to you?

THE DEFENDANT: I don't want to hear it.

THE COURT: You are refusing to listen to my admonitions about how important it is to be represented by an attorney?

THE DEFENDANT: It's going to be my fifth appeal I'm going to win. Now, how much you want to bet that?

THE COURT: Sir—

THE DEFENDANT: How much you want to bet?

5

THE COURT: Sir, you don't wish to listen anymore? Is that what you're telling me? And if that's what you're telling me—I know you have been obstructing—

THE DEFENDANT: I have been illegally arrested, man.

THE COURT: Okay. You can file—

THE DEFENDANT: You know what I'm saying? I know my rights, man.

THE COURT: You can file—

THE DEFENDANT: The appellate court knows them, too—

THE COURT: All right.

THE DEFENDANT: —so I don't give a f*** what you say, man.

THE COURT: All right.

THE DEFENDANT: You ain't nothing, man. You ain't talking about nothing, man.

THE COURT: All right. I just heard you use profanity. You have an option right now—

THE DEFENDANT: You just a judge.

THE COURT: That's all I am.

THE DEFENDANT: You're not God.

THE COURT: And you're not allowed—

THE DEFENDANT: Only God can judge me.

THE COURT: —to use profanity in this courtroom.

THE DEFENDANT: Only God can judge me, chump.

THE COURT: Okay. You have just called me chump as well. Now, do you wish to apologize for those remarks?

THE DEFENDANT: Whatever, man.

6

THE COURT: Yes or no? I will wait for an apology. Otherwise, I'm going to hold you in contempt."

¶ 7    The trial court ultimately held the defendant in direct criminal contempt and sentenced the defendant to 90 days in jail. On December 10, 2021, the defendant, *pro se*, filed a motion for substitution of judge and a motion to quash arrest and suppress evidence. The matter proceeded to a hearing on the defendant's motion for substitution of judge on December 14, 2021, with a different judge hearing the motion and the defendant appearing *pro se*. After hearing arguments from the defendant and the State, the judge denied the motion and a recess was taken.

¶ 8    The hearing then proceeded with the original trial judge on the instant matter and the defendant's other pending cases. The trial court explained to the defendant that it had asked the defendant's former court-appointed counsel to be present for the proceedings so that the defendant could have representation if he wished. The circuit court acknowledged that the defendant had previously represented himself in several cases, including appeals, and then the following dialog occurred:

"THE COURT: So I know you're skilled and knowledgeable, but still you're not an attorney. And I don't know if you've ever represented yourself on a hearing on a Petition to Revoke Probation.[1] Have you done that sir?

THE DEFENDANT: I am an attorney, I just never took the bar exam.

* * *

THE COURT: Are you comfortable representing yourself?

THE DEFENDANT: I'm pretty comfortable, but at the same time, I'm going to tell

---

[1]The petition to revoke was filed in *People v. Watts*, No. 20-CF-46 (Cir. Ct. Coles County, October 23, 2020), and *People v. Watts*, No. 20-CF-296 (Cir. Ct. Coles County, August 26, 2021), based upon the charge in People v. Watts, No. 21-CF-451 (Cir. Ct. Coles County).

Your Honor why I went *pro se* for the sake of time.

\* \* \*

THE COURT: Okay. If—if [the defendant] wants me to reappoint [defense counsel] in this case, would you be willing to meet with him, work with him in preparation for this hearing coming up?

\* \* \*

DEFENSE COUNSEL: I believe so, yes.

THE COURT: [Defendant], that was—

THE DEFENDANT: In other words, to be a very effective counsel?

DEFENSE COUNSEL: Yes.

THE COURT: [Defendant]?

THE DEFENDANT: You know, okay. Well, she can come back over here.

THE COURT: Are you asking that I reappoint her?

THE DEFENDANT: Yes.

THE COURT: I will reappoint [defense counsel] then. Thank you.

And the reason I wanted this case called today is I wanted to make sure—there is a—I think there's a Petition to Revoke and a Supplemental Petition to Revoke, and I wanted to make sure that all discovery has been tendered to the defense so that the defense can be ready for the hearing that's set next week."

¶ 9 The defendant, however, stated that he wanted to admit to the allegations in the petitions to revoke, stating, "I don't want to be on probation any more. I'm willing to go, get sentenced, and go the IDOC ASAP." The trial court then addressed the State's petitions to revoke the defendant's probation in his prior cases. The trial court extensively explained the procedures surrounding the

8

pending petitions to revoke and the possible range of sentences to the defendant. The defendant requested a recess to discuss the matter with his court-appointed counsel, and after conferring with counsel, the defendant waived his right to a hearing on the petitions to revoke and admitted the allegations. After the proper admonishments, the trial court accepted the defendant's admission and set those matters for a sentencing hearing. The trial court held the sentencing hearing on December 30, 2021. The instant matter was set for status as well. During the hearing, the defendant continually spoke out after being admonished not to by the trial court during the testimony being presented. The defendant became upset with his court-appointed counsel and stated that he wished to proceed in the hearing *pro se*. The trial court again extensively discussed the perils and procedures of proceeding without counsel with the defendant, and the defendant assured the trial court that he understood and wished to proceed *pro se* at the hearing. The trial court then vacated the appointment of the defendant's court-appointed counsel. Ultimately, the defendant was sentenced to 12 years' imprisonment in the IDOC in *People v. Watts*, No. 20-CF-46 (Cir. Ct. Coles County, October 23, 2020).

¶ 10    The trial court then addressed the defendant's remaining pending cases as follows:

"THE COURT: [Defendant], I vacated [defense counsel's] appointment at your request in these sentencing cases. You weren't specific as to whether or not you want her to continue to represent you in the pending two cases.

Do you wish for me to—or her to continue to represent you in these two cases? And to advise you—if you would like, I can reappoint her in this sentencing case, and she can advise you as to the motions and any basis you might have to file motions or the appeal.

* * *

[THE DEFENDANT]: I'm good. I'll just go ahead by myself."

9

The trial court's docket entry of December 30, 2021, also states that "Deft requests to remain Pro Se in 451 and 569."

¶ 11 On January 7, 2022, the defendant filed a second *pro se* motion to quash arrest and suppress evidence. Also, in January and February 2022, the defendant, *pro se*, filed several motions and other pleadings with the trial court. On January 11, 2022, the trial court conducted a pretrial hearing in this matter and the defendant's other cases. The trial court again addressed the defendant's right to counsel in all of his cases. During the discussion, the defendant stated that it was not his "first, second, third or fourth rodeo representing" himself. The trial court specifically referenced Illinois Supreme Court Rule 401 (eff. July 1, 1984), stating that the defendant had been admonished pursuant to Rule 401 by both it and another judge in the defendant's other cases. The trial court also addressed an inappropriate letter that the defendant had sent to his court-appointed attorney which included sexually harassing statements. The trial court then explained the possible sentencing ranges of the defendant's other cases; however, the trial court did not address the possible sentencing range for the instant matter. The trial court also referenced the defendant's *pro se* motions. At a point during the discussion regarding the defendant's proceeding *pro se* or having counsel appointed, the following colloquy occurred:

"THE COURT: *** In a pending case, there's a lot of work to be done behind the scenes to get ready for a trial, as you know, interviewing witnesses, subpoenaing—

[THE DEFENDANT]: I mean, Your Honor, you are telling me this for the fifth time, man. You keep—

THE COURT: I understand—

[THE DEFENDANT]: —admonishing me, man, telling me the same thing.

THE COURT: —but I think the record—I think the record just needs to be clear

10

you understand—

[THE DEFENDANT]: But the record is already clear. What you saying to me, this is your fifth time saying it to me.

THE COURT: If you will—if you will bear with me—

[THE DEFENDANT]: It's on the record that you saying it to me.

THE COURT: If you will bear with me, I need to say it again. You won't—

[THE DEFENDANT]: It's just very aggravating when you keep saying to me—telling me the same thing.

THE COURT: I'm required by law to admonish you—

[THE DEFENDANT]: Five times?

THE COURT: Well, at different stages and, quite frankly, since you have waffled back and forth making—

[THE DEFENDANT]: But it's still your fifth time telling me, man.

THE COURT: Well, here's why—

[THE DEFENDANT]: It's already on the record.

THE COURT: —because you have made different requests, changing your mind, and so this is—

[THE DEFENDANT]: It's not changing my mind from what you admonished me on. Admonishing me is you telling me something.

THE COURT: By law, I just need to tell you this.

[THE DEFENDANT]: You warned me. You already warned me. That's what admonishment is.

THE COURT: I understand.

11

[THE DEFENDANT]: It's a warning.

THE COURT: I'm going to tell you again if you would just listen.

[THE DEFENDANT]: You keep warning me. It's your fifth time warning me, admonishing me.

THE COURT: All right. Just listen. Don't interrupt me, please. You won't be given any special concessions to meet with witnesses.

In fact, one of your letters you sent to me complained about the jail not allowing you special phone services because you're in segregation for violating rules.

[THE DEFENDANT]: I'm in seg for no reason, man.

THE COURT: Okay. You will not be given any special concessions to help you prepare. In other words—

[THE DEFENDANT]: But it's a violation of my due process, Your Honor.

THE COURT: That's why it's important, I think, that you request the appointment of counsel or hire an attorney.

[THE DEFENDANT]: I don't need no counsel, man. If I'm my own counsel, I still—

THE COURT: You will have to—

[THE DEFENDANT]: —I still have my rights intact.

THE COURT: [Defendant], don't interrupt me anymore. You will have to represent yourself; you will have to do your own research; you will have to do your own contacting of witnesses; you will have to do your own responses to discovery or requests for discovery.

Those are things that attorneys can help you with. They aren't in custody or in segregation. If you're in segregation or if you're in the county jail or in the Department of

12

Corrections, it's going to limit your ability to prepare both these cases for trial. Do you understand that?

[THE DEFENDANT]: No, I do not understand that one, that my rights are tooken [*sic*] away.

\* \* \*

[THE DEFENDANT]: Now, can I say something?

THE COURT: Not yet. I'm not finished. Are you voluntarily waiving your right to counsel, giving—

[THE DEFENDANT]: Yes, I am, for the 18th time.

THE COURT: All right. I won't ask you again because I think—

[THE DEFENDANT]: Thank you very much.

THE COURT: —I'm going to find now that he—this Defendant—has clearly waived his right to counsel throughout the proceedings, except for the times he's requested counsel, which one has been provided. It's clear he does not want an attorney to represent him, given the fact—despite the fact that it will be more difficult for him to represent himself from either the Department of Corrections or the jail, and he understands that and he's knowingly waiving his right to counsel based upon that."

The trial court then addressed the defendant's pending motions, hearing argument from the defendant and the State, and granted several discovery requests, but denied the defendant's motions to quash arrest and suppress evidence.

¶ 12    The trial court conducted a final pretrial hearing on May 5, 2022, with the defendant being present *pro se*. The trial court then conducted another final pretrial hearing prior to the jury trial commencing on May 11, 2022. Prior to the commencement of the jury trial, the trial court heard

13

arguments from the defendant and State regarding the defendant's second *pro se* motion to quash arrest and suppress evidence filed May 10, 2022. The trial court denied the defendant's motion. The trial court then admonished the defendant regarding the procedures that would be followed during the trial. The trial was conducted with the defendant proceeding *pro se*. Ultimately, the jury found the defendant guilty of the charged offense. The trial court admonished the defendant of his right to court-appointed counsel at sentencing and the defendant requested that counsel be appointed. The trial court reappointed counsel in this matter, ordered a presentence investigation report, and set the matter for sentencing hearing.

¶ 13    On June 10, 2022, the defendant, through counsel, filed a motion for acquittal or in the alternative motion for new trial. On June 15, 2022, the defendant filed a *pro se* motion for new trial. On June 17, 2022, the trial court conducted a status hearing and reset the matter for sentencing. On July 28, 2022, the trial court again continued the sentencing hearing. Both continuances were requested by the defendant due to the pending appeal in *People v. Watts*, No. 20-CF-46 (Cir. Ct. Coles County, October 23, 2020), which would impact the defendant's sentencing range.

¶ 14    The matter proceeded to a sentencing hearing on September 16, 2022. The trial court first addressed the defendant's *pro se* motion with defense counsel, who did not adopt the defendant's *pro se* motion since it contained the same allegations as counsel's motion. Accordingly, the trial court struck the defendant's motion and proceeded to a hearing on defense counsel's posttrial motion, ultimately denying the motion. The trial court inquired if counsel had received the presentence investigation report (PSI), to which both counsels stated that they had received the PSI, and that there were no additions or corrections to the PSI. The trial court addressed two of the defendant's prior convictions not listed in the PSI. The trial court also addressed the defendant's

pending appeal in *People v. Watts*, No. 20-CF-46 (Cir. Ct. Coles County, October 23, 2020), and how that might affect whether the defendant was extended-term eligible in this matter. Since the appeal was still pending, the trial court stated that it would assume the verdict was appropriate and lawful until reversed by the appellate court and, therefore, based upon that conviction, the defendant was extended-term eligible. The trial court informed the defendant that if that conviction was reversed, then the defendant would have the right to file appropriate motions or a postconviction petition requesting a new sentencing hearing. After hearing the defendant's statement, arguments of counsel, and considering the statutory factors, the trial court sentenced the defendant to the extended-term maximum of 14 years' imprisonment. On October 4, 2022, the Fourth District Appellate Court vacated the defendant's burglary conviction and sentence in *People v. Watts*, No. 20-CF-46 (Cir. Ct. Coles County, October 23, 2020). *People v. Watts*, 2022 IL App (4th) 200587-U.

¶ 15    The defendant now appeals his conviction and sentence in the matter at bar. On appeal, the defendant argues that his conviction should be reversed, and the cause remanded for a new trial, because the trial court failed to properly admonish the defendant as required by Illinois Supreme Court Rule 401(a) (eff. July 1, 1984), prior to allowing him to waive counsel. The defendant also argues on appeal that his sentence should be reduced because the trial court determined that the defendant was eligible for an extended-term sentence based on the prior burglary conviction that was subsequently reversed. We will address these issues in the order raised.

¶ 16                                    II. ANALYSIS

¶ 17    The defendant first argues that his conviction should be reversed because the trial court failed to comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984), before allowing the defendant to represent himself at the preliminary hearing and at trial. According to the defendant's

argument, the trial court failed to admonish the defendant of the nature of the charge and the possible penalties, as required by Rule 401(a), prior to accepting the defendant's waiver of counsel.

¶ 18     The defendant acknowledges that he failed to raise this issue in the trial court, but asks this court to review the issue under the doctrine of plain error. Illinois courts have long held that an issue is forfeited on appeal unless a party makes an objection at the time of the purported error and specifically raises the issue in a written posttrial motion. *People v. Bowens*, 407 Ill. App. 3d 1094, 1108 (2011); *People v. Thompson*, 238 Ill. 2d 598, 611 (2010). The purpose of this rule is to encourage parties to raise their concerns in the trial courts so that the lower courts have an opportunity to correct any alleged errors prior to appeal and that a party does not obtain a reversal through his or her own inaction. *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶ 14; *People v. Cleveland*, 2022 IL App (2d) 191121, ¶ 40. The plain error doctrine, however, is a narrow and limited exception to the general rule of procedural default which allows plain errors or defects affecting substantial rights to be noticed although the error or defect was not brought to the attention of the trial court. *People v. Hillier*, 237 Ill. 2d 539, 545 (2010). An otherwise unpreserved error may be noticed under the plain error doctrine, codified in Illinois Supreme Court Rule 615 (eff. Jan. 1, 1967), if the defendant first demonstrates that a clear or obvious error occurred and then shows that either (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or (2) the "error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). Compliance with Rule 401(a) has been held by Illinois courts as reviewable under the second prong of the plain error doctrine. See *People v. Seal*, 2015 IL App (4th) 130775, ¶ 26; *People v. Black*, 2011 IL App (5th) 080089, ¶ 24.

16

¶ 19    The initial step in conducting a plain error analysis is to determine whether an error actually occurred. *People v. Walker*, 232 Ill. 2d 113, 124 (2009). Without reversible error, there can be no plain error. *People v. Naylor*, 229 Ill. 2d 584, 602 (2008). As such, we must first determine whether the trial court erred in its admonishments regarding the defendant's requests to proceed *pro se* at his preliminary hearing and at trial. A trial court's compliance with supreme court rules is a question of law that we review *de novo*. *People v. Bahrs*, 2013 IL App (4th) 110903, ¶ 13.

¶ 20    Illinois Supreme Court Rule 401(a) requires the trial court to inform the defendant, and determine the defendant's understanding, of the following:

"(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." Ill. S. Ct. R. 401(a) (eff. July 1, 1984).

¶ 21    Our supreme court has held that compliance with Rule 401(a) is required for the effective waiver of counsel; however, strict, technical compliance is not always required. *People v. Haynes*, 174 Ill. 2d 204, 236 (1996). "Rather, substantial compliance will be sufficient to effectuate a valid waiver if the record indicates that the waiver was made knowingly and voluntarily, and the admonishment the defendant received did not prejudice his rights." *Id.* Further, substantial compliance with Rule 401(a) has been found where the trial court accepted the defendant's waiver and provided the admonishments all within the same hearing, and the record demonstrates that the defendant's decision to waive counsel was indeed knowing and voluntary. *People v. Span*, 2021 IL App (2d) 180966, ¶ 22; see also *People v. Moore*, 2022 IL App (3d) 200262-U, ¶ 14 ("A court's

17

failure to provide Rule 401(a) admonishments immediately before a defendant's waiver of his right to counsel does not render the defendant's waiver invalid.").

¶ 22 The defendant argues that the trial court "allowed [the defendant] to proceed *pro se* without addressing the nature of the charge or possible penalties as required by Rule 401(a)." Our review of the report of proceedings for the defendant's preliminary hearing on December 6, 2021, contradicts the defendant's argument. The trial court stated, "I have already admonished you of your constitutional right to represent yourself. You're familiar with that, sir?" The defendant replied, "I just want to represent myself," and "I am used to representing myself, Your Honor." The trial court again informed the defendant that he had a right to have an attorney represent him and further offered to appoint the defendant a different public defender since the defendant was not satisfied with his current counsel.

¶ 23 The report of proceedings also demonstrates that the trial court, after accepting the defendant's waiver of counsel, read the charge and that the defendant acknowledged that he understood the charge. The trial court further informed the defendant of the minimum and maximum sentence prescribed by law, including that the defendant was extended-term eligible. Although these two admonishments came after the trial court accepted the defendant's waiver of counsel, the defendant does not argue that the trial court gave him any incorrect information, that the trial court's manner of proceeding with his waiver affected his decision to waive counsel, or that he was prejudiced in any manner by receiving the admonishments later in the hearing. As previously cited, "[a] court's failure to provide Rule 401(a) admonishments immediately before a defendant's waiver of his right to counsel does not render the defendant's waiver invalid." *Moore*, 2022 IL App (3d) 200262-U, ¶ 14.

18

¶ 24    The report of proceedings further demonstrates that the defendant had previously been admonished, in several cases, regarding proceeding *pro se* in a criminal case and acknowledged at the preliminary that he was waiving counsel of his own free will. As such, we find that the record demonstrates that the trial court admonished the defendant of the nature of the charge, the minimum and maximum sentence prescribed by law, and that the defendant had a right to appointed counsel at the preliminary hearing. We further find that the defendant's decision to waive counsel was indeed knowing and voluntary. Therefore, we find that the trial court substantially complied with Rule 401(a) at the defendant's preliminary hearing.

¶ 25    Under the continuing waiver rule, a defendant can waive the right to counsel and that waiver remains in place throughout the remaining stages of the case. *People v. Baker*, 92 Ill. 2d 85, 91-92, 95 (1982). There are two exceptions to the continuing waiver rule that necessitate another Rule 401 admonishment. *Id.* Those exceptions are (1) when a defendant later requests counsel or (2) when other circumstances suggest that the waiver is limited to a particular stage of the proceedings. *Id.* at 91-92; see also *People v. Palmer*, 382 Ill. App. 3d 1151, 1162 (2008).

¶ 26    In this matter, the defendant waived counsel at the pretrial stage and the defendant does not argue, nor points to any circumstances, that suggest that the waiver was limited to the pretrial stage. Although the defendant requested court-appointed counsel for the proceedings regarding the revocation of probation in two other cases, he had indicated that he would remain *pro se* in this matter. As such, the defendant did not request reappointment of counsel in this matter until the sentencing stage. Therefore, under the continuing waiver rule, the defendant's waiver of counsel at the preliminary hearing remained in place throughout his trial and the trial court was not required to provide Rule 401(a) admonishments prior to the defendant proceeding *pro se* at trial.

19

¶ 27     Based on the above, we find that no error actually occurred under the plain error analysis, and that the procedure default of forfeiture remains. Thus, the defendant has forfeited this issue on appeal.

¶ 28     As a final note on this issue, this court elected to review this issue under the plain error analysis; however, the plain error doctrine does not instruct a reviewing court to consider all forfeited errors and is not a general saving clause to preserve for review all errors affecting substantial rights. *People v. Herron*, 215 Ill. 2d 167, 177 (2005). We note that the defendant had a previous appeal based on the exact same Rule 401(a) issue and, as such, the defendant should have been aware of the requirement to include this issue in a postjudgment motion, yet failed to do so.

¶ 29     We further note that plain error analysis can be forfeited by invited error. Where a party has invited, or injected, error into a proceeding, plain error is forfeited because "[t]o allow a defendant to use the exact ruling or action procured in the trial court as a vehicle for reversal on appeal would offend notions of fair play and encourage defendants to become duplicitous." *People v. Harding*, 2012 IL App (2d) 101011, ¶ 17. The defendant in this matter was clearly aware of the requirements of Rule 401(a), and yet he continually interfered with the trial court's attempts to provide proper admonishments. We, therefore, caution the defendant that any further deliberate interference with a trial court's attempts to properly admonish him could result in the forfeiture of the plain error analysis. In this matter, we have given the defendant the benefit of doubt that such actions were not a deliberate attempt to inject error into the proceedings, but caution the defendant regarding any future interference with the trial court's duties.

¶ 30     The next issue on appeal is in regard to the defendant's sentence. The defendant argues that this court should reduce the defendant's 14 years' incarceration sentence to 7 years' incarceration because the sentencing judge had determined that the defendant was eligible for an extended-term

sentence based on a burglary conviction that was subsequently vacated on appeal. The State concedes that the defendant is entitled to a new sentencing hearing, but argues that the matter should be remanded back to the trial court for resentencing since the defendant remains extended-term eligible.

¶ 31 At sentencing, the trial court considered the defendant's burglary conviction in *People v. Watts*, No. 20-CF-46 (Cir. Ct. Coles County, October 23, 2020), in determining that the defendant was extended-term eligible. That conviction and subsequent sentence was vacated, and the matter remanded for a new trial, pursuant to *People v. Watts*, 2022 IL App (4th) 200587-U.

¶ 32 "A defendant is entitled to a new sentencing hearing where *** a trial court, in imposing sentence, considered a conviction which was subsequently reversed, even where the sentence imposed may have been otherwise warranted." *People v. Coty*, 105 Ill. App. 3d 398, 400 (1982); see also *People v. Bolar*, 229 Ill. App. 3d 563, 568 (1992) (remanded for resentencing where the sentencing court relied on a conviction that was subsequently reversed); *People v. Burnside*, 212 Ill. App. 3d 605, 608 (1991) (same). As such, it is clear that the defendant's sentence must be vacated.

¶ 33 Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967) grants this court the power to reduce the punishment imposed by the trial court. The power to reduce a sentence, however, should be exercised cautiously and sparingly, and depends upon all of the surrounding circumstances of each particular case. *People v. Jones*, 168 Ill. 2d 367, 378 (1995). The defendant states that this court should reduce the defendant's sentence since the defendant is no longer eligible for an extended-term sentence based on the reversed conviction and that the factual circumstances of the defendant's background now appear in a dramatically different light. The State argues, however, that the defendant remains extended-term eligible.

21

¶ 34 Reviewing courts have long held that the trial court is in the best position to make a reasoned decision as to the appropriate punishment in each case. See *People v. Anderson*, 325 Ill. App. 3d 624, 637 (2001); *People v. Vasquez*, 327 Ill. App. 3d 580, 592 (2001); *Jones*, 168 Ill. 2d at 373. In this matter, the surrounding circumstances of the case include the determination of whether the defendant remains extended-term eligible and the appropriate sentence absent consideration of the defendant's burglary conviction in *People v. Watts*, No. 20-CF-46 (Cir. Ct. Coles County, October 23, 2020). We find that the trial court is in the best position to make those determinations and, therefore, decline to exercise the power granted to this court in Rule 615. Instead, we remand this matter to the trial court for resentencing.

¶ 35                                    III. CONCLUSION

¶ 36 Based on the foregoing reasons, we affirm the defendant's conviction for unlawful possession of a stolen vehicle where the trial court substantially complied with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984), vacate the defendant's sentence, and remand this matter to the trial court of Coles County for resentencing.

¶ 37 Affirmed in part and vacated in part.

¶ 38 Cause remanded.